UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIFFANY FROST, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-607-G |
| | ) |
| META PLATFORMS, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Tiffany Frost, appearing pro se, initiated this action on June 5, 2025. Now before the Court are Plaintiff's Motion for Temporary Restraining Order (Doc. No. 4), filed June 11, 2025, and Revised Motion for Temporary Restraining Order (Doc. No. 5), filed June 17, 2025.

### I.    Standards of Review

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted). These four requirements apply equally to a request for a temporary restraining order (or "TRO"). *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).

Plaintiff's request for a TRO is also governed by Rule 65 of the Federal Rules of Civil Procedure. Rule 65(b)(1) prescribes that the Court may enter a temporary restraining order without notice to the adverse party or its attorney only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B).

II.     *Discussion*

In this diversity action, Plaintiff alleges that her company engaged Defendant Meta Platforms, Inc. for advertising services but then discovered on May 12, 2025, that the purchased "retargeting ad campaign" had been "misfir[ed]," thereby "defeating its purpose." Am. Compl. at 2. Plaintiff additionally alleges that she complained to Defendant, but Defendant ignored Plaintiff and "failed to provide meaningful support." *Id.* at 2-3. Instead, Defendant "imposed unjustified account restrictions" and caused Plaintiff to receive daily harassing telephone calls, including calls from "No Caller ID, toll-free, and geo-spoofed numbers." *Id.* Plaintiff asserts that Defendant's conduct has "negatively impacted" her "finals, graduation, and bar exam preparation," "leading to academic and professional setbacks." *Id.* (alleging that Defendant's actions "le[d] to Plaintiff formally emailing the Oklahoma Board of Bar Examiners on June 10, 2025, documenting the federal case number" and "that a creditor account will be reporting a 30-day delinquency with other accounts to follow"); *see also id.* Ex. 6 (Doc. No. 3-6) (email from Plaintiff).

Plaintiff seeks an order requiring Defendant to provide funds in the amount of

2

$25,000 to $30,000 to Plaintiff "to mitigate irreparable harm" being caused by Defendant's conduct and to "re-establish" Plaintiff's "access to transportation and digital tools." Pl.'s Mot. at 2; Pl.'s Decl., Pl.'s Revised Mot. Ex. 2 (Doc. No. 5-2) at 1. Plaintiff also asks that the Court issue emergency injunctive relief to stop the harassing telephone calls made by Defendant "and its associates." Am. Compl. at 2; *see* Pl.'s Mot. at 2.

As a threshold matter, Plaintiff fails to comply with Rule 65's procedural requirements for issuance of a TRO. Plaintiff's Motions do not "certif[y] in writing" any efforts to made to give notice to Defendant, instead asserting only that Plaintiff will be irreparably harmed if relief is not granted before Defendant can be heard. Fed. R. Civ. P. 65(b)(1)(B); *see* Pl.'s Mot. at 2; Pl.'s Revised Mot. at 5.

Nor do Plaintiff's Motions demonstrate an entitlement to extraordinary relief. Plaintiff's request that Defendant pay her "emergency financial relief," even if it was accompanied by support for the amount ($25,000 to $30,000) sought, is not the type of "*equitable* relief" that is available through the remedy of a TRO. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis added); *see* Fed. R. Civ. P. 65(d)(1)(C) (prescribing that every injunction and TRO must describe "the act or acts restrained or required"); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) ("Money damages are . . . the classic form of *legal* relief."). Relatedly, it is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm." *Heideman*, 348 F.3d at 1189.

Plaintiff's request that the Court prohibit harassing calls to her telephone is the type of equitable relief that may be accomplished through a TRO—to the extent such calls are

3

improper and being made by Defendant or persons and entities over which Defendant exercises control. Nevertheless, Plaintiff's sworn allegations, declarations, and exhibits do not show specific facts from which the Court may conclude that the calls she is receiving will cause her irreparable injury. Plaintiff's facts do not provide a basis for the Court to determine how many (if any) of the multiple calls to Plaintiff's telephone from unidentified numbers or blocked numbers were caused or initiated by Defendant. *See* Pl.'s Mot. at 2; Pl.'s Revised Mot. Ex. 4 (Doc. No. 5-4) at 2; Pl.'s Am. Compl. at 2 (alleging that the calls "consistently failed to include voicemails"); *id.* Ex. 7 (Doc. No. 3-7) (showing numerous "unknown" calls and calls from various banks). Plaintiff's facts do not provide a basis for the Court to determine how many (if any) of the calls to Plaintiff's telephone are harassment as opposed to legitimate and reasonable communications (e.g., calls within business hours regarding actual debt and credit issues of Plaintiff). As a result, the Court cannot reasonably infer—as Plaintiff suggests—that the harassing telephone calls to Plaintiff from Defendant (or persons and entities over which Defendant exercises control) are enough to cause Plaintiff such distress as would hinder Plaintiff's efforts to become licensed as an attorney or otherwise cause Plaintiff irreparable harm.[1] This is particularly so where Plaintiff's facts do not establish that ordinary and reasonable efforts to avoid such calls and any resulting distress—e.g., turning off or silencing the telephone while studying, blocking calls from certain numbers, and reporting improper or illegal efforts to collect a

---

[1] Plaintiff's allegation that she has notified the bar examiners of this lawsuit does not, standing alone, provide a reasonable basis for the Court to conclude that the calls are causing Plaintiff "reputational and professional harm," Pl.'s Mot. at 1.

4

debt—would not be sufficient to diminish the distressing calls and avoid any irreparable harm.

For all these reasons, Plaintiff fails to show "irreparable injury" absent issuance of a TRO or a "clear and unequivocal" right to the requested extraordinary relief. *Dominion Video Satellite*, 356 F.3d at 1261 (internal quotation marks omitted).

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order (Doc. No. 4) and Revised Motion for Temporary Restraining Order (Doc. No. 5) therefore are DENIED.

IT IS SO ORDERED this 20th day of June, 2025.

_____
CHARLES B. GOODWIN
United States District Judge