UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIFFANY FROST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-607-G |
| | ) |
| META PLATFORMS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tiffany Frost, appearing pro se, initiated this action on June 5, 2025, bringing claims against Defendant Meta Platforms, Inc. *See* Compl. (Doc. No. 1); *see also* Am. Compl. (Doc. No. 3).

Plaintiff's 90-day deadline to effect service expired on September 3, 2025. *See* Fed. R. Civ. P. 4(m). As of October 14, 2025, Plaintiff had not requested the issuance of summons or filed proof of service or waiver of service of summons and the pleading with the Court. Nor had Defendant answered or otherwise indicated awareness of Plaintiff's lawsuit. The Court therefore directed Plaintiff to show cause in writing by October 28, 2025, why her claims against Defendant should not be dismissed. *See* Order to Show Cause of Oct. 14, 2025 (Doc. No. 28).

In response, Plaintiff submitted several documents arguing that she has properly served Defendant via certified mail. *See* Pl.'s Resp. (Doc. No. 30); Pl.'s Notice (Doc. No. 32). Plaintiff also renewed her request for entry of default judgment against Defendant. *See* Pl.'s Mot. Default J. (Doc. No. 29).

The Federal Rules of Civil Procedure plainly dictate the requirements for service. Rule 4(c) provides that both a "summons" and "a copy of the complaint" "must be served" on a defendant. Fed. R. Civ. P. 4(c)(1). The requirements for the summons, listed in Rule 4(a), include that it be "signed by the clerk" and "bear the court's seal." *Id.* R. 4(a)(a). The procedure for having a summons issued by the clerk is set forth in Rule 4(b). *See id.* R. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal."). Rule 4(c) expressly directs that it is the plaintiff's responsibility to have service made "within the time allowed by Rule 4(m)"—in this instance, 90 days. *Id.* R. 4(c); *see id.* R. 4(m). The Rule also requires that, unless service is waived, "proof of service must be made to the court," in most instances through the submission of the server's affidavit. *Id.* R. 4(*l*)(1).

Although Plaintiff is appearing pro se, she must "follow the same rules of procedure" as all other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). As previously explained by the Court: "Although Plaintiff states that she served the pleading upon Defendant Meta Platforms, Inc., there has been no issuance of summons or filing of proof of service" of such summons and the pleading in this matter. Order to Show Cause of Oct. 14, 2025, at 1 n.1 (citing Fed. R. Civ. P. 4(b), (c)(1), (d)(4), (*l*)(1)). Neither Plaintiff's response to the Order to Show Cause nor any of the other filings submitted by Plaintiff address whether a summons was properly served on Defendant Meta Platforms, Inc., how that could have

occurred when Plaintiff has not requested that the clerk issue a summons, or whether Plaintiff had adequately complied with the requirement to prove service.[1]

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant is not served within the prescribed 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  While Plaintiff's filings suggest serious misconceptions about the requirements for service, they also reflect that Plaintiff is attempting to proceed with this lawsuit.  In these circumstances, the Court finds that good cause and excusable neglect have been shown and will extend Plaintiff's deadline to effect service upon Defendant "for an appropriate period."  *Id.*; *see also Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff must complete service of a summons and a copy of the Amended Complaint upon Defendant, in compliance with the Federal Rules of Civil Procedure and this Court's Local Civil Rules, and prove such service or waiver of service within <u>thirty days</u> of the date of this Order.  Otherwise, this action is subject to being dismissed without prejudice.

---

[1] At this point, the Court need not and does not address Plaintiff's assertion that she mailed a copy of the pleading to Defendant or determine whether such mailing would otherwise constitute proper service under Rule 4.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 29), which is plainly groundless in light of the failure to comply with Rule 4, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Court to Preserve Evidence (Doc. No. 12), which is not relief authorized by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Redaction of Personal Identifying Information (Doc. No. 19) and Motion to Seal Case (Doc. No. 37)[2] are GRANTED IN PART and DENIED IN PART, as follows:

- Plaintiff broadly requests that all personally identifiable information in the record be redacted but does not reference any particular case filings. The Court's review reflects that the filings submitted by Plaintiff to date already were redacted to obscure Plaintiff's identifying information. If there are specific items in the case record that Plaintiff believes should be further redacted or restricted, Plaintiff may file a motion identifying those documents and seeking relief from the Court in accordance with Federal Rule of Civil Procedure 5.2.

- For any future filings containing personally identifiable information, Plaintiff must either properly redact the information or seek leave to file the document under seal in accordance with the Federal Rules of Civil Procedure and this Court's Local Civil Rules. *See* Fed. R. Civ. P. 5.2(a); LCvR 5.2.2; Gen. Order No. 25-7 (W.D. Okla.); *see also Garrett*, 425 F.3d at 840. Failure to do so as to Plaintiff's own information will constitute a waiver of the protection of Federal Rule of Civil Procedure 5.2(a). *See* Fed. R. Civ. P. 5.2(h).

---

[2] Federal Rule of Civil Procedure 5.2 prescribes how parties are to present certain personally identifiable information, including social-security numbers, dates of birth, and financial-account numbers, in Court filings. *See* Fed. R. Civ. P. 5.2(a). A party filing a document that includes such information is required to redact the filing in accordance with the Rule. *See id.* Alternatively, a party may seek leave to file an unredacted copy of the document under seal. *See id.* R. 5.2(d); LCvR 5.2.2.

IT IS SO ORDERED this 12th day of November, 2025.

                                      CHARLES B. GOODWIN
                                      United States District Judge