**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIFFANY FROST, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-607-G |
| | ) |
| META PLATFORMS, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Tiffany Frost's Motion (Doc. No. 42) seeking the imposition of $250,000 in sanctions "against the Court and/or its administrative personnel." *Id.* at 1. In support, Plaintiff alleges that, when she submitted her initial civil complaint to the Clerk of Court for filing on June 5, 2025, she also submitted a completed request for the issuance of summons. *See id.* at 2. Although Plaintiff received a file-stamped copy of the summons request from the Clerk, the request was not electronically docketed. *Id.* Plaintiff "assum[ed] that summons would be issued and mailed" and, because it was not and due to other alleged clerical errors by the Clerk and judicial errors by the Court, Plaintiff has encountered delays and suffered prejudice. *Id.* at 2-4.

While Plaintiff is correct that her initial request for the issuance of summons (*see* Doc. No. 40-1) was not docketed at the commencement of this case, Plaintiff's request that the Court sanction itself on that or any other basis is meritless.

First, the summons request submitted by Plaintiff was just that—a request for the Clerk of Court to issue the summons that must be included when service is made upon a

defendant. *See* Doc. No. 40-1; Fed. R. Civ. P. 4(a), (c)(1). Unless otherwise ordered by the Court, any summons presented to the Clerk is "issue[d] to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). The plaintiff, not the Clerk, is then "responsible for having the summons and complaint served within the time allowed." *Id.* R. 4(c)(1). Although Plaintiff is a pro se litigant, she is required to comply with the same rules of procedure as govern other litigants. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). If Plaintiff did not receive an issued summons as expected, it was incumbent upon Plaintiff to inquire with the Clerk's Office or otherwise follow up on her obligation to prove service upon the defendant.

Next, pursuant to Local Civil Rule 3.4(b), if a party applies for leave to appear *in forma pauperis* and the Court orders payment of an initial partial filing fee, "service of process will not issue until the applicant has paid the initial partial filing fee ordered by the court." LCvR 3.4(b). When Plaintiff commenced this action, she sought leave to appear *in forma pauperis*. *See* Doc. No. 2. The Court denied this request on June 20, 2025, and ordered Plaintiff to make an initial partial payment of $55 toward the $405 filing fee within 21 days of that date. *See* Order of June 20, 2025 (Doc. No. 6) at 2. Plaintiff submitted $15 on July 14, 2025, and did not complete the $55 payment obligation until August 7, 2025. *See* Doc. Nos. 16, 22. Plaintiff therefore would not have been entitled to the issuance of summons until August 7, 2025, in any event. *See* LCvR 3.4(b).

Finally, Plaintiff fails to support the proposition that the Court may issue monetary sanctions against itself or its personnel with any relevant authority. Even in the pro se

context, the Court "will not . . . construct a legal theory on a plaintiff's behalf." *Whitney*

*v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. No. 42) is DENIED.

Plaintiff's Motions to Expedite (Doc. Nos. 44, 59) are DENIED AS MOOT.

IT IS SO ORDERED this 2nd day of June, 2026.

CHARLES B. GOODWIN
United States District Judge